UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

DANIEL MOSER,

      Defendant.
_____/

## CONSENT OF DEFENDANT DANIEL MOSER TO JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF

1. Defendant Daniel Moser waives service of a summons and the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2. Moser hereby consents to the entry of the Judgment Of Permanent Injunction And Other Relief As To Defendant Daniel Moser ("Judgment") in the form attached hereto and incorporated by reference herein. The Judgment, among other things, permanently restrains and enjoins Moser from violating several provisions of the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"), bars Moser from serving as an officer or director of a public company, and orders Moser to pay a civil penalty, with the amount to be determined.

EXHIBIT A

3. Moser agrees the Court shall order a civil penalty against him pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. The Court shall determine the amount of the civil penalty upon motion of the Commission. Moser further agrees that in connection with the Commission's motion for a civil penalty, and at any hearing held on such a motion: (a) Moser will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) he may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for a civil penalty, the parties may take discovery, including discovery from appropriate non-parties.

4. Moser waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Moser waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6. Moser enters into this Consent voluntarily and represents that no

threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to him or to anyone acting on his behalf, to induce him to enter into this Consent.

7. Moser agrees this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

8. Moser will not oppose enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Moser waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to him of its terms and conditions.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Moser in this civil proceeding. Moser acknowledges no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Moser waives any claim of Double Jeopardy based upon the settlement of this proceeding, including imposition of any remedy or civil penalty herein. Moser further acknowledges that the Court's entry of a permanent injunction

may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Moser understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

11. Moser understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Moser's agreement to comply with the terms of Section 202.5(e), he: (a) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (b) will not make or permit to be made any public statement to the effect

4

that he does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations; (c) upon filing of this Consent, hereby withdraws any papers filed in this action to the extent they deny any allegation in the Complaint; and (d) stipulates that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true, and further, any debt for a civil penalty or other amounts due by Moser under this Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Moser of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Moser breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Moser's: (i) testimonial obligations; or (ii) the right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Moser hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorneys' fees or other fees, expenses, or costs

expended by Moser to defend against this action. For these purposes, Moser agrees he is not the prevailing party in this action, since the parties have reached a good faith settlement.

13. Moser agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

14. Moser agrees that this Court shall retain jurisdiction over him and over this matter for the purpose of enforcing the terms of the Judgment.

8 | 25 , 2022                        By: _____
                                          Daniel Moser

**STATE OF** West Virginia    )
                              )
**COUNTY OF** Wood            )

On this 25th day of August 2022, before me personally appeared Daniel Moser, who (JC) is personally known to me or _____ produced a driver's license bearing his name and photograph as identification, and who executed this Consent, and he acknowledged to me that he executed the same.

_____
Notary Public

Approved as to Form:

By: _____
George Cosenza, Esq.
1130 Market Street
Parkersburg, WV 26101
cosenza@wvdsl.net

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Lori J Cosenza
424 60th Street
Vienna WV 26105
My Commission Expires March 7, 2027

6

*Counsel for Daniel Moser*